STATE of Iowa, Appellee,

v.

**Jesse J. JACKSON, Appellant.**

No. 97–334.

Supreme Court of Iowa.

Dec. 23, 1998.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett and Robert J. Glaser, Assistant Attorneys General, and John E. Schroeder, County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Defendant, Jesse J. Jackson, appeals from his conviction and sentence for first-degree murder. He contends that the district court (1) should have granted his motion for mistrial because of misconduct of the prosecutor; (2) improperly sealed notes of the attorney for an alleged accomplice that was separately charged, thus making them unavailable for use at trial; and (3) erred in submitting an instruction on joint criminal conduct as defined in Iowa Code section 703.2 (1995). After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

As shown by the evidence, defendant, Jackson, was hired by Maria Allar to kill her former boyfriend, Larry Grove. They then caused Grove to stop his vehicle along the highway as he was leaving for work. Jackson then shot Grove five times, killing him.

Both Allar and Jackson were charged with first-degree murder in violation of Iowa Code section 707.2(1). Allar ultimately entered a plea of guilty to second-degree murder in exchange for her testimony against Jackson. Prior to trial, Jackson's trial attorney sought discovery of notes made by Allar's attorney. Following an *in camera* review, the district court determined that the notes were privileged and did not make them available to Jackson.

At trial Allar testified that she had hired Jackson to kill Grove and had paid him a total of $700. Law enforcement officers testified about evidence linking Jackson to the murder: bloody gloves were found in a dumpster behind Jackson's residence, the blood found on the gloves and on some articles of Jackson's clothing matched Grove's blood. A gun was recovered from Jackson's residence. Shell casings from the scene were matched to that weapon.

Jackson's theory of defense was that Allar shot Grove. This claim was buttressed by slight traces of powder residue found on her hands. Allar testified, however, that Jackson did the shooting. The jury convicted Jackson, and this appeal followed.

## I. *Issues Involving the Motion for Mistrial.*

█ Jackson asserts that the prosecutor was guilty of misconduct in questioning a witness concerning whether defendant had made any statement to law enforcement officers after the court had ruled that any such

statements would be inadmissible. Jackson's trial counsel objected immediately upon the propounding of the question, and no answer was given by the witness. The trial court admonished the jury to disregard the question. Jackson's motion for mistrial made at this point was overruled.

We conclude that the district court did not abuse its discretion in denying the motion for mistrial. As we observed in *State v. Peterson*, 189 N.W.2d 891, 896 (Iowa 1971), when improper evidence has been promptly stricken and the jury admonished to disregard it, there has been no erroneous ruling by the district court. Consequently, a reversal may only be predicated on the proposition that the matter forbidden by the ruling was so prejudicial that its effect upon the jury could not be erased by the trial court's admonition. As we stated in *Peterson*:

> Ordinarily the striking of improper testimony [here only an improper question] cures any error. Only in extreme instances where it is manifest that the prejudicial effect of the evidence on the jury remained, despite its exclusion, and influenced the jury is the defendant denied a fair trial and entitled to a [mistrial].

*Peterson*, 189 N.W.2d at 896 (citations omitted). This principle has been reaffirmed in *State v. McGonigle*, 401 N.W.2d 39, 43 (Iowa 1987), and *State v. Brotherton*, 384 N.W.2d 375, 381 (Iowa 1986). We find no error in denying defendant's motion for mistrial.

## II. *Failure to Make the Notes of Allar's Counsel Available for Jackson's Defense.*

The order sealing the notes of Allar's attorney on the basis that they were privileged also does not provide a ground for reversal. We believe that the waiver of the privilege by sharing it with third persons requires that the sharing be done by the client. The unilateral act of Allar's counsel did not destroy the privilege. The district court's ruling on this issue was correct.

## III. *The Giving of the Instruction on Joint Criminal Conduct.*

The trial court instructed the jury as follows:

> When two or more persons act together and knowingly commit a crime, each is responsible for the other's acts during the commission of the crime or escape from the scene. The defendant's guilt is the same as the other person's unless the act could not reasonably be expected to be done in aiding the commission of the crime.

This instruction mirrors Iowa Criminal Jury Instruction No. 207 (1988). The court did not give the jury an instruction on aiding and abetting. Jackson urges that the instruction given relates to the concept of joint criminal conduct as defined in Iowa Code section 703.2. Although he concedes that it would have been proper to give a standard aiding-and-abetting instruction pursuant to section 700.1, he argues that joint criminal conduct is a totally separate concept that had no application to the facts in the present case.

In order to warrant a reversal, Jackson must show not only that the instruction in question exists for application in a different factual situation but also that using it in the present factual situation misstated his culpability in some material way. We do not believe that the instruction did that. This court has held in both *State v. Thompson*, 397 N.W.2d 679 (Iowa 1986), and *State v. Kern*, 307 N.W.2d 22 (Iowa 1981), that the giving of a joint criminal conduct instruction in instances in which the alleged multiple participants are either principals or aiders and abettors in the same crime does not require reversal if there is no opportunity for the defendant to have been found guilty based on anything other than his own conduct as a principal or an aider and abettor of the crime with which he is charged. *Thompson*, 397 N.W.2d at 685–86; *Kern*, 307 N.W.2d at 28. We are satisfied that this was the situation with regard to the court's instruction in the present case.

We have considered all issues presented and conclude that the decision of the court of appeals and the judgment of the district court should be affirmed.

**DECISION OF THE COURT OF APPEALS AND JUDGMENT OF THE DISTRICT COURT AFFIRMED.**