# IN THE COURT OF APPEALS OF IOWA

No. 15-0414
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GARY MARK CORNELIOUS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

Cornelious appeals his conviction of domestic abuse causing bodily injury, second offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds and Rachel C. Regenold (until her withdrawal), Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katherine M. Krickbaum (until her withdrawal), Assistant Attorneys General, for appellee.

Considered by Bower, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Gary Mark Cornelious was convicted of domestic abuse causing bodily injury, second offense, on January 14, 2015, and was sentenced accordingly. Cornelious has appealed.

## I. Factual Background

Cornelious and Carol Sill began living together in September 2014. They had an intimate relationship and shared expenses. After shopping for groceries, Sill came home to the shared apartment on October 13, 2014. It appeared to Sill that Cornelious had been drinking. The parties were sitting on the couch when Sill mentioned she had been talking to a man in the parking lot. Cornelious grabbed her wrists and began squeezing them. Cornelious told her to get out, but when she tried to leave, he slammed the door and pushed her back onto the couch. When she got up a second time, he again pushed her down on the couch, locked the door, and sat on her. She tried to scream but Cornelious put his hand over her mouth to muffle her screams. His other arm was around her neck. Sill thought she was going to die and continued to cry and scream.

Two neighbors, Brenda Gillespie, who lived across the hall, and Carey Lindsey, the landlord, who lived below, heard the screams and came to the apartment shared by Cornelious and Sill. Gillespie arrived at the apartment first but found it locked. She asked Sill through the door if she was okay, and Sill replied, "No." Lindsey arrived shortly after obtaining a key, opened the door, and found Cornelious straddling Sill on the couch. Lindsey ordered Cornelious off of Sill, and he eventually complied. Lindsey held Cornelious and told Sill to get out

and go to Gillespie's apartment. The police were called. Cornelious insisted he was going after Sill, and he and Lindsey got into a shoving match.

Two Ames police officers arrived and found the apartment in disarray. Sill was taken to the hospital where she was found to have suffered bruises on her arms and neck, and a cut lip. She suffered neck and back pain for a week.

The officers interviewed Sill and Cornelious and determined that probable cause existed for charging Cornelious with domestic abuse assault causing bodily injury. A trial information was filed, enhancing the charge by a prior offense.

Cornelious filed a motion to suppress, alleging statements he made to the officer were in violation of his Fifth Amendment rights. The motion was granted as to statements made after the arrest. The statements made before the arrest were held to have been made in the investigatory stage of the event. He also filed a motion in limine attacking statements made by the officers that indicated they had previous contact with Cornelious and comments about his demeanor at the time of his arrest as being prejudicial and not relevant to the charges made. The motion in limine was not ruled on but deferred until the time of trial in order for the court to determine the context of the allegedly inadmissible statements. Cornelious's counsel was advised to renew the objection when the objectionable testimony was offered. Cornelious has appealed, alleging it was error to overrule his motion to suppress and to permit the testimony objected to in his motion in limine. In addition, Cornelious has filed a pro se supplement to his counsel's brief.

## II. Motion to Suppress

### A. Error Preservation

Cornelious raised the issue of the admissibility of his statements to law enforcement before his arrest in the motion to suppress. It is not necessary to renew an objection at trial when a motion to suppress has been overruled as to the same evidence. *See State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001). Error has been preserved.

### B. Standard of Review

Refusal of a trial court to suppress a statement alleged to have been made in violation of a constitutional right is reviewed de novo. *State v. Palmer*, 791 N.W.2d 840, 844 (Iowa 2010). Deference is given to the trial court's findings but we are not bound by them. *Id.* An independent evaluation of the totality of the circumstances, including both the suppression hearing and the testimony at trial, is considered. *Id.* Statements made by a suspect in the custodial interrogation are inadmissible unless there is an adequate recitation of a *Miranda* warning and a valid waiver of those rights. *Id.* at 844-45.

### C. Discussion

The record does not disclose that a *Miranda* warning was given to Cornelious. The issue in this case is whether Cornelious was in custody when the challenged statements were made. Four factors that are to be considered in determining whether a suspect is in custody are: (1) language used to summon the individual; (2) the purpose, place, and manner of the interrogation; (3) the extent in which the individual is confronted with evidence of guilt; and (4) whether he or she is free to leave. *State v. Countryman*, 572 N.W.2d 553, 558 (Iowa

1997). In-home interrogations are generally considered noncustodial for purposes of requiring a *Miranda* warning. *State v. Evans*, 495 N.W.2d 760, 762 (Iowa 1993).

Officer Clewell and Officer Thorpe responded to the 911 call. Officer Clewell arrived first and immediately knocked on Cornelious's apartment door. Cornelious opened the door, Officer Thayer arrived soon after, and a search of Cornelious and the immediate vicinity was made for weapons. Cornelious would not stand up to complete the weapons search, so Officer Thayer pulled him up in order to complete the search. Cornelious sat back on the couch but wanted to move around. For purposes of safety, Officer Thayer told him to stop trying to move around or he would restrain him.

Officer Clewell went to interview Sill, and Officer Thayer remained in Cornelious's apartment to interview him. The officer asked Cornelious what had happened, and Cornelious's answer was evasive and rambling. He eventually denied there was an altercation, but when asked why there was an injured party across the hall, Cornelious explained he had been straddling Sill on the couch, kissing her, but she was not hurt. Cornelious offered no further explanation of Sills's injuries or the condition of the apartment. When Officer Clewell came back after his interview with Sill, the officers determined probable cause existed for an arrest, the arrest was made, and Cornelious was handcuffed.

After the suppression hearing, the trial court determined Cornelious was not in custody until the formal arrest was made. We concur. The officers did not summon Cornelious to interrogate him about a crime. Instead, the officers had been called to the site of the disturbance to end it and to investigate its cause.

The purpose of the questions was to determine what had happened. There was no evidence that Cornelious was confronted with evidence of his guilt as a part of the questioning process. The questions were not coercive or confrontational but were directed at determining what had happened. The questioning was done quickly and in Cornelious's home. If Cornelious had tried to leave, he probably would have been restrained. He did not ask to leave, and he was not told he could not leave. Not every minor restraint from the freedom of movement by authorities requires a *Miranda* warning before questioning. *See Berkemer v. McCarty*, 468 U.S. 420, 435-36 (1984). A reasonable person in Cornelious's position would not have thought he was in custody or under arrest. Further, he made no prejudicial admissions or statements, only denials. Even if the admission of his statements was in error, it was harmless error.

## III. Testimony Claimed to be Prejudicial and Not Relevant

### A. Error Preservation

Cornelious challenged the admission of law-enforcement testimony as to his demeanor and the officers' prior contact with him by a motion in limine, claiming it was not relevant and was prejudicial. In ruling on the motion, the court indicated that the evidence may or may not be relevant, depending on the circumstances in which it came in and advised Cornelious's counsel , "[I]f you think it is objectionable as it comes in, raise the issue by objection at trial and then I will made the determination." No objection was entered to the testimony regarding Cornelious's demeanor at the time of arrest. When a motion in limine is filed requesting certain testimony be declared inadmissible and it is overruled, the movant is generally required to renew the objection when the testimony is

introduced at the trial in order to preserve error. *State v. Tangie*, 616 N.W.2d 564, 568 (Iowa 2000). An exception exists when the ruling is clear that the testimony will not be permitted. *Id.* at 568-69. In this case, the court made it clear further objection was required, but none was made. Error was not preserved as to the demeanor evidence.

After each officer testified regarding past contact with Cornelious, a motion for mistrial was lodged. An immediate motion for mistrial after objectionable evidence comes into the record preserves any error made. *Carter v. Wiese Corp.*, 360 N.W.2d 122, 129 (Iowa Ct. App. 1982). Error has been preserved as to testimony concerning law enforcement's previous contact with Cornelious.

B. Scope of Review

A trial court's denial of a motion for mistrial is reviewed for an abuse of discretion. *State v. Frei*, 831 N.W.2d 70, 73-74 (Iowa 2013). Evidence of an accused's prior criminal activity is generally not relevant and therefore not admissible. Iowa R. Evid. 5.404(b). Generally, an adequate safeguard is created when the objectionable evidence is stricken from the record and the jury admonished to disregard it. *State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998). An exception exists when the matter forbidden by the ruling is so prejudicial that it could not be erased by the court's admonition. *Id.*

C. Discussion

Officer Clewell testified that he recognized Cornelious as soon as he opened the door. He also testified he had seen Cornelious intoxicated at a prior time. A motion for mistrial was immediately lodged. Officer Thayer testified that Cornelious had expressed dissatisfaction with law enforcement's prior

investigation, which was conducted as the result of a report he had made. Again, counsel moved for a mistrial. Counsel maintained that the officers' statements raised an insinuation of past criminal activity on his part.

After denying the first motion for mistrial the court admonished the jury to disregard Officer Clewell's testimony as to any prior contact with Cornelious. He summed up the admonishment by stating, "[S]o if you heard that testimony you are to disregard it and treat it as if it were not given and is not in evidence."

Immediately after Thayer's comments, the second motion for mistrial was lodged, and it was also overruled by the court. In overruling the second motion for mistrial, the court stated it did not consider the statement prejudicial. It appeared to refer to an investigation that Cornelious had requested.

Neither officer directly referred to any prior criminal activity or accusation against Cornelious. In the first instance, the context of seeing Cornelious intoxicated was not included in the officer's statement, and there was no suggestion made of why Officer Clewell knew him. The prior contact could well have been purely social. It was not so prejudicial as to require anything more than the admonishment made. As the trial court noted, the second reference to prior contact appears to relate to circumstances in which Cornelious sought the assistance of law enforcement. No prejudice was created by the comment. Furthermore, when the evidence of guilt is strong, as it is in this case, that factor may be taken into consideration when considering the prejudicial effect of an isolated incident. *See State v. Webb*, 244 N.W.2d 332, 333 (Iowa 1976).

**IV. Cornelious's Pro Se Brief**

Cornelious filed a pro se brief that includes the words, "ineffective assistance of counsel" and "sufficient evidence" and "not given fair chance to give testimony." No authorities are cited, and it is not possible to determine with any certainty what issue or issues he is attempting to raise. To the extent he is attempting to raise an ineffective-assistance-of-counsel claim, the record is not adequate to resolve the matter, and accordingly, it is preserved for a possible postconviction-relief proceeding. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

**AFFIRMED.**