# IN THE COURT OF APPEALS OF IOWA

No. 14-1196
Filed October 12, 2016

**WILLIE J. HERRON JR.,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

     A postconviction-relief applicant appeals the district court's denial of his application, raising claims of ineffective assistance of counsel. **AFFIRMED.**

     Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

     Willie J. Herron Jr., Anamosa, appellant pro se

     Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

     Considered by Potterfield, P.J., Mullins, J., and Scott, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Willie Herron Jr. was convicted of two counts of first-degree burglary and one count of first-degree robbery, and his convictions were affirmed on appeal by this court. *State v. Herron*, No. 09-1836, 2011 WL 662412, at *10 (Iowa Ct. App. Feb. 23, 2011). Following the appeal, Herron filed an application for postconviction relief (PCR), raising a number of issues predicated on the assertion his previous attorneys provided ineffective assistance. The district court denied Herron's application, and he now appeals. Through counsel he asserts the district court erred in denying his claims that his trial attorney was ineffective for (1) failing to file a motion to suppress, (2) failing to object to prejudicial testimony, and (3) failing to object to the submission of an erroneous jury instruction on joint criminal conduct. In his pro se brief, Herron also claims his PCR counsel was ineffective and his sentence is illegal. For the reasons stated below, we affirm the district court's denial of Herron's PCR application and reject Herron's assertions his PCR counsel was ineffective and his sentence is illegal.

**I. Background Facts and Proceedings.**

The facts of the crimes were sufficiently detailed in our opinion on Herron's direct appeal, and they do not need to be repeated here. *See id.* at *1–2. Following our decision in 2011, Herron filed an application for postconviction relief. Amended applications were filed in 2013, and the matter proceeded to a hearing in March 2014. Both Herron and his trial counsel testified. The district court issued its decision in July 2014, denying Herron's application and concluding trial counsel was not ineffective and Herron could not establish

prejudice. Specifically, the district court found the hot-pursuit exception to the warrant requirement justified the officers' warrantless entry into the home where Herron was staying, and even if counsel should have filed a motion to suppress as a result of the warrantless search, Herron failed to prove there was a reasonable probability the result of his trial would have been different. The court also concluded trial counsel had a made a reasonable strategic decision not to object to certain evidence of drugs admitted at trial. Finally, the court concluded the erroneous jury instruction did not prejudice Herron because the jury was instructed to find Herron guilty based on his own specific acts, not based on the acts of another person through a joint criminal conduct theory.

Herron appeals.

## II. Scope and Standard of Review.

We generally review PCR applications for correction of errors at law. *More v. State*, 880 N.W.2d 487, 498 (Iowa 2016). However, when constitutional claims are raised in the application, such as claims of ineffective assistance of counsel, our review is de novo. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

## III. Ineffective Assistance of Counsel.

To prove his claim that his prior counsel rendered ineffective assistance, Herron must prove (1) counsel breached an essential duty and (2) he was prejudiced as a result of that breach. *See id.* at 752. Both prongs must be proved by a preponderance of the evidence. *Id.* We measure counsel's performance against "the standard of a reasonably competent practitioner" and objectively assess counsel's performance "by determining whether [it] was

reasonable, under prevailing professional norms, considering all the circumstances." *Id.* (alteration in original) (citation omitted). We presume counsel acted competently, and Herron must overcome that presumption. *See id.* As to the prejudice prong, Herron must prove "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citation omitted). The probability of a different result is sufficient if it undermines our confidence in the outcome. *Id.* at 869. We "consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial." *Id.* (citation omitted).

A. **Motion to Suppress.** Herron's first claim is that trial counsel was ineffective in failing to file a motion to suppress to challenge the officers' warrantless search of the residence he was in and his seizure by police. He claims the search and seizure cannot be justified by an exception to the warrant requirement and, as a result, counsel should have filed a motion to suppress the evidence of the on-scene identification by the victims of the burglaries.

A police officer attempted to pull over a vehicle that was being operated without its headlights after dark. *Herron*, 2011 WL 662412, at *1. The officer had been dispatched to the location because of a report of a robbery or burglary in the area. *Id.* The vehicle sped away from the officer, and three individuals eventually ran from the still-moving vehicle into a residence. *Id.* at *1–2. The vehicle, still in motion, collided with parked cars before the officer saw a fourth individual get out of the car and run away. *Id.* at *1. The officer approached the

house the three individuals entered and observed them run upstairs. *Id*. at *2. The officer had the lights of his vehicle activated and was verbally instructing the individuals to stop before they entered the home. The officer waited a few minutes for backup to arrive on scene and then entered the residence where Herron and two other individuals were found and taken into custody. *Id.* Herron was lying in bed, apparently asleep; though the officer testified Herron was sweating and breathing hard. *Id.* Other officers then asked the victims of the burglaries to accompany them to the scene of Herron's detention. The victims identified Herron as being one of the perpetrators involved in the burglary, but they did not identify the other two individuals detained by police who were seen running into the house with Herron. *Id.*

The Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution protect the right of people to be free from unreasonable searches and seizures. Searches and seizures without a warrant are per se unreasonable unless an exception to the warrant requirement applies. *State v. Lewis*, 675 N.W.2d 516, 522 (Iowa 2004). The recognized exceptions include: "searches based on consent, plain view, probable cause coupled with exigent circumstances, searches incident to arrest, and those based on the emergency aid exception." *Id.*

The State contends in this case that the officers' search of the home and seizure of Herron was valid without a warrant based on the probable-cause-exigent-circumstances exception. The State asserts the pursuing officer had probable cause to arrest the occupants of the vehicle he observed driving without its headlights. The vehicle failed to stop when the officer activated his vehicle's

lights and siren, and the occupants, who jumped and fled from the still-moving vehicle, failed to comply with the officer's verbal instructions to stop. The State asserts the exigent circumstances existed in light of the officer's "hot pursuit" of the suspects. "Hot pursuit describes the situation when the police are pursuing a suspect who is in the process of fleeing from a recently committed crime." *State v. Naujoks*, 637 N.W.2d 101, 109 (Iowa 2001). "Society has an interest in not rewarding the evasion of lawful police authority by allowing suspects who make it to their homes steps ahead of law enforcement officers to claim sanctuary." *State v. Legg*, 633 N.W.2d 763, 772 (Iowa 2001).

Herron claims the officer did not have probable cause to detain him because the only crimes the officer witnessed were connected to the vehicle— failure to have headlights on at night and failure to stop once the officer attempted to pull over the vehicle. He claims there was no evidence he was the driver of the vehicle and asserts it was likely he was not the driver as evidenced by the fact the vehicle continued to move forward once he left the vehicle. However, the officer continued to instruct those who left the vehicle to stop, and instead, the individuals, including Herron, continued to run from the vehicle and entered the home. The officer identified himself and had the lawful duty to stop the fleeing suspects. We agree with the district court that the officer had probable cause to arrest the occupants of the vehicle for interference with official acts. *See* Iowa Code § 719.1 (2011) (defining the crime of interference with official acts as occurring "when the person knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer"). We

likewise agree exigent circumstances existed in light of the officer's hot pursuit of the suspects into the home; Herron should not be able to thwart arrest by seeking sanctuary in his home ahead of a pursuing officer. The officer's brief pause in the pursuit to wait for backup to arrive did not interrupt or discontinue the pursuit. We thus conclude counsel was not ineffective when counsel did not file a motion to suppress the evidence of the search and seizure of Herron and the subsequent on-scene identification. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

In addition, we find Herron failed to establish prejudice. *See State v. McCoy*, 692 N.W.2d 6, 27 (Iowa 2005) (noting to establish prejudice a defendant must prove "a reasonable probability that but for trial counsel's failure to file the motion to suppress, the result of the trial would have been different"). The victims in this case were also able to make in-court identifications of the defendant. *Herron*, 2011 WL 662412, at *4. Any testimony regarding the on-scene identification of Herron as one of the perpetrators of the burglaries was merely cumulative. *See State v. Pearson*, No. 09-1798, 2010 WL 5050575, at *7 (Iowa Ct. App. Dec. 8, 2010) ("Generally, a defendant is not prejudiced by the admission of evidence that, as in this case, is cumulative to other properly admitted evidence.").

**B. Drug Testimony.** Next, Herron asserts counsel was ineffective in failing to move in limine or object whenever the topic of drugs was introduced during trial. The pursuing officer asserted he observed something, which was later identified as a narcotic, being thrown from the car during the chase; though

the officer admitted Herron had not been charged with any drug-related crime arising from this incident. One victim testified Herron kept asking where the "drugs" were when he broke into her home. Finally, Herron's alibi witness was questioned about his prior criminal history that included being arrested for possession of narcotics, and he admitted he had a big drug problem and was "high" on the night in question.

Herron claims this evidence was irrelevant and served no legitimate purpose other than to show his propensity to commit wrongful acts. *See* Iowa Rs. Evid. 5.402, 5.404. At the PCR hearing, Herron's trial counsel asserted it was his trial strategy to generally deny that it was Herron who committed the burglaries, asserting a misidentification by the victims. Thus, any evidence drugs were thrown from the vehicle or that the perpetrator demanded drugs from the victim did not adversely affect his client, who denied any involvement. As the PCR court noted, there was no evidence the State used the drug evidence to prove Herron's bad character or that he acted in conformity with that character. The PCR court concluded counsel met the standard of a reasonably competent attorney when he chose not to challenge this evidence as part of his trial strategy. We agree. In addition, the evidence of drug use by Herron's alibi witness on the night in question was relevant to contest his memory of whether Herron was with him during the time of the burglaries. We thus conclude Herron failed to prove counsel provided ineffective assistance when counsel failed to object to the references to drugs during trial.

**C. Jury Instruction.** Herron also claims counsel was ineffective in not objecting to the admission of a legally incorrect jury instruction defining joint

criminal conduct.  Herron contends, and the State concedes, the instruction on joint criminal conduct given to the jury contained an incomplete statement of the definition of joint criminal conduct.  *See State v. Smith*, 739 N.W.2d 289, 294 (Iowa 2007) (listing the elements of joint criminal conduct).  However, the State asserts, and the PCR court agreed, that Herron suffered no prejudice as a result of the submission of this instruction because the jury was never asked in the marshalling instructions to find Herron guilty based on the acts of another person. In addition, no party argued to the jury or even referenced that Herron could be found guilty based on the acts of another.  Instead, the jury was instructed that to find Herron guilty it must do so based on Herron's acts alone.  Thus, we agree with the PCR court that Herron cannot prove counsel failed to perform an essential duty when counsel did not object to this instruction because the jury was never given an opportunity to find Herron guilty "based on anything other than his own conduct as a principal."  *See State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998).

## IV.  Pro Se Issues.

Herron also raises claims in his pro se brief arguing his PCR counsel was ineffective and his sentence is illegal.

**A.  Ineffective Assistance of PCR Counsel.**  While not the model of clarity, it appears Herron is asserting his PCR counsel was ineffective in not arguing trial and appellate counsel's ineffectiveness.  Specifically, he claims trial and appellate counsel failed to challenge the sufficiency of the evidence to support his conviction, failed to challenge the unreliability of eyewitness testimony, failed to help him present evidence to establish his innocence, and

failed to request evidence to prove the "bogus and illegal identification practices of the police."

We note the prior appeal made it clear that counsel at trial and on appeal challenged both the sufficiency of the evidence and the reliability and validity of the identification procedures used by police in this case. *See Herron*, 2011 WL 662412, at *4–7. It is unclear from Herron's brief what more he claims counsel should have done on these issues. We therefore reject those claims. It is also unclear what more trial or appellate counsel should have done to help Herron present evidence to establish his innocence. We conclude Herron has failed to prove PCR counsel was ineffective in not challenging the effectiveness of trial and appellate counsel on these grounds.

**B. Illegal Sentence.** Finally, Herron claims his sentence is illegal because he believes his convictions and sentences for first-degree robbery and first-degree burglary should have merged. We apply the legal-elements test when determining whether one crime is a lesser included offense of another. *See State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999).

On the charge of first-degree robbery, the jury was instructed it had to find:

1. On or about the 18th day of May, 2009, the defendant had the specific intent to commit a theft.
2. To carry out his intention or to assist him in escaping from the scene, with or without stolen property, the defendant:
   a. Committed an assault on [one or more victims] and/or
   b. Threatened [one or more victims] with, or purposely put [one or more victims] in fear of immediate serious injury.
3. The defendant:
   a. Purposely inflicted or attempted to inflict a serious injury on [one or more victims] and/or
   b. Was armed with a dangerous weapon.

On the charge of first-degree burglary, the jury was instructed it had to find:

> 1. On or about the 18th day of May, 2009, the defendant entered the residence belonging to [the victim].
> 2. The residence belonging to [the victim] was an occupied structure . . . .
> 3. [The victim] was present in the occupied structure.
> 4. The defendant did not have permission or authority to enter the residence belonging to [the victim].
> 5. The defendant did so with the specific intent to commit an assault or theft therein.
> 6. During the incident the defendant possessed a dangerous weapon.

A review of these elements shows that first-degree robbery does not merge into first-degree burglary because the robbery count required an element that is not present in the burglary count. For robbery, the jury had to find Herron "committed an assault on [one or more victims] and/or threatened [one or more victims] with, or purposely put [one or more victims] in fear of immediate serious injury." There was no element in burglary that required the defendant to commit an assault or threaten or place the victims in fear of serious injury. *See Blodgett v. State*, No. 05-2137, 2007 WL 1201755, at *3 (Iowa Ct. App. Apr. 25, 2007) (concluding the crime of first-degree robbery does not merge into the crime of first-degree burglary); *State v. Reames*, No. 05-1084, 2006 WL 2873320, at *2 (Iowa Ct. App. Oct. 11, 2006) (same). Because we conclude the two offenses do not merge, we reject Herron's claim that his sentence is illegal.[1]

---

[1] Herron also appears to claim in his pro se brief that his sentence is illegal because the court did not give proper reasons for imposing consecutive sentences. We note this claim was already raised and rejected in Herron's direct appeal. *Herron*, 2011 WL 662412, at *10. We will not address it further.

**V. Conclusion.**

We affirm the district court's denial of Herron's application for postconviction relief as we conclude trial counsel did not breach a duty and Herron suffered no prejudice. We also reject Herron's claims of ineffective assistance against his PCR counsel and his claim that his sentence is illegal.

**AFFIRMED.**