# IN THE COURT OF APPEALS OF IOWA

No. 15-2059
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OLADIMEJI A. AYODELE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Monona County, Steven J. Andreasen, Judge.

        Oladimeji Ayodele appeals his conviction for possession of a controlled substance, marijuana (second offense).  **REVERSED AND REMANDED.**

        Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**PER CURIAM**

Oladimeji Ayodele appeals his conviction for possession of a controlled substance, marijuana (second offense). He argues the district court abused its discretion in denying his mistrial motion grounded in the prosecutor's references to excluded evidence.

## I. *Background Facts and Proceedings*

Iowa State Trooper Justin Sackett clocked a vehicle driving seventy-seven miles per hour in a seventy-mile-per-hour zone. Sackett activated his emergency lights. The vehicle started to slow down but did not stop immediately. Sackett observed "a lot of movement in the back of the vehicle" and saw "an object" being "thrown out the right rear passenger window." After the vehicle stopped, Sackett approached the rear, passenger-side occupant, who was later identified as Ayodele, and berated him for throwing out what the trooper perceived to be marijuana.[1] Sackett instructed Ayodele to exit the vehicle. He observed marijuana residue on Ayodele's shirt and smelled marijuana in the vehicle and, later, on Ayodele. He handcuffed Ayodele and placed him in his state vehicle. Sackett removed the remaining occupants and had a brief discussion with co-defendant Johnny Madison, who conceded there was probably marijuana inside.[2] The trooper searched the vehicle and found more marijuana.

The State charged Ayodele with possession of marijuana (second offense). Ayodele filed a motion in limine seeking to exclude evidence that he

---

[1] Sackett did not search for or locate the thrown substance.

[2] Madison was tried with Ayodele and was found guilty of possession of a controlled substance, marijuana (first offense). This court affirmed his conviction. *See State v. Madison*, No. 15-2069, 2017 WL 3077910, at *2 (Iowa Ct. App. July 19, 2017).

threw marijuana out of the vehicle's window. The district court permitted evidence indicating something was thrown, but disallowed evidence reflecting the thrown substance was marijuana. The court's ruling was as follows:

> [T]he State (counsel, witnesses, video or other evidence) shall be precluded from arguing, stating, opining, or otherwise suggesting that the object thrown out of the window of the vehicle was marijuana. Without sufficient evidence substantiating that it was marijuana, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to . . . Defendant Ayodele.
> . . . .
> . . . [T]he State can play the video that depicts something thrown out of the window. Trooper Sackett can testify that he observed something thrown out of the window. The State, however, cannot play any audio/video that includes statements made by Trooper Sackett stating that the object appeared to be marijuana or describes the object as marijuana. Trooper Sackett may not testify that the object appeared to be marijuana. Trooper Sackett may not describe the object in any manner suggesting that it was marijuana (i.e. shape, size, color); and counsel for the State may not argue or imply to the jury that the object was marijuana. The evidence would simply be that an object that is unknown and unidentified was thrown out of the window of the vehicle.

During trial, the prosecutor had the following exchange with Trooper Sackett regarding the thrown material:

> Q. Okay. Did you—As you were riding behind the vehicle attempting to stop it, did you notice anything happen? A. There was a lot of movement in the back of the vehicle and an object was thrown out the right rear passenger window.
> Q. Now, without making any sort of conclusions on what that object was, were you able to tell whether it was liquid or solid? A. It was definitely solid.
> Q. Were you able to tell if the object was all in one piece as it was thrown out or was it in multiple pieces?

Ayodele objected at this juncture. The objection was sustained.

The prosecutor next showed the jury a redacted video of the traffic stop, omitting references to marijuana as the thrown substance. The State did not

omit references to the following: (1) Sackett's statement: "They just threw shit out the window," (2) two of Sackett's questions to Madison: (a) "What was going on? He got nervous, started throwing shit?" and (b) "Is there any more marijuana in the vehicle . . . ?" and (3) Sackett's assertion, "I'm making a traffic stop here and they're throwing 200 out the window."[3]

Ayodele moved for a mistrial, arguing the prosecutor violated the court's ruling on his motion in limine. The district court reserved ruling on the motion. After the close of the State's case, Ayodele renewed his motion on the same ground. The court again reserved ruling.

During the State's closing rebuttal argument, the prosecutor referred to two other occupants of the vehicle, pointed out they did not possess marijuana, and asserted, "[I]f they were on trial today, I suspect they would be found not guilty." After the jury began its deliberations, Ayodele moved for mistrial a third time, adding as a ground the prosecutor's reference to the other occupants' innocence. Ayodele asserted the reference violated a pre-trial ruling on the State's motion in limine excluding evidence of these individuals' charges, convictions, or acquittals. The court again reserved ruling.

The jury found Ayodele guilty. Ayodele filed post-trial motions, including another motion for mistrial. The district court denied the motions. With respect to the mistrial motion, the court stated:

> The court initially does determine that the state, during trial, violated this court's ruling on the motion in limine.

---

[3] In a written motion for mistrial, defense counsel argued "200" is a police code for drugs. The motion stated: "While the jury, or most other non-law enforcement people, may not know that '200' refers to drugs, the immediate mention of 'shit' being thrown out coupled with an obvious police code of some kind infers drugs."

. . . .

The fact that the State continues to essentially argue that the ruling on the motion in limine was in error suggests to this Court that some of the state's actions in bringing some of this evidence was intentional.

In regard to the violation of the ruling on the motion in limine, in particular, the State's questioning of Trooper Sackett beyond simply that there was an object thrown out of the window, and in particular, the follow-up questions as to whether the object was a liquid or a solid and whether it was in chunks or apart, some other descriptive question that the court then sustained the objection, were in clear violation of this court's ruling on the motion in limine . . . .

. . . .

. . . [I]in regard to the video, the court would tend to agree with the State that the video, as played, technically did not violate this court's ruling on the motion in limine.

. . . .

. . . [H]owever, . . . the court's ruling on the motion in limine was expanded after the questioning of Trooper Sackett.

As part of a sidebar, the court cautioned the State as to any further references to this object being thrown out the window, and the State immediately thereafter played this video with numerous references to the object being thrown out the window.

. . . .

In regard to the closing argument, the court, at the time of trial, again, would incorporate the statements in regard to the concerns that the State, in its rebuttal closing argument, argued and stated that the other passengers would have been found not guilty of possession charges and whether or not that violated the court's ruling on the State's motion in limine.

. . . .

Otherwise, the court believes the key determination in regard to the motion for mistrial is whether or not either defendant was prejudiced and denied a fair trial based upon . . . these violations of the in limine ruling and the evidence and statements brought into or raised in the presence of the jury by the State.

In this regard, the court finds and concludes that the defendants were not prejudiced to the point that they were denied a fair trial in this matter. . . .

. . . .

. . . [T]here was significant other evidence in this matter directed towards the constructive possession of this marijuana by Mr. Ayodele, and by "this marijuana," the court is referencing the marijuana that was discovered inside the shoe in that rear passenger area.

. . . .

The court does not believe Mr. Ayodele was denied a fair trial in regard to any references that went beyond the court's ruling on the motion in limine. The court believes that he was not prejudiced in this matter based upon that portion of the evidence submitted at trial and that based upon the other evidence, and again, the weight of that evidence, that the verdict was certainly supported regardless of that reference and the additional references to the object being thrown out the window for the reasons that the court previously stated.

Ayodele appealed following imposition of sentence.

## II.    Mistrial Motion

Ayodele contends the prosecutor committed misconduct by referring to and offering evidence excluded by the court. In his view, the misconduct deprived him of a fair trial. Alternatively, in the event we conclude he failed to preserve error, he argues his attorney was ineffective in failing to properly seek a mistrial. We conclude Ayodele preserved error. Accordingly, we review the court's mistrial ruling directly rather than under an ineffective assistance of counsel rubric.

Our review of the court's ruling is for an abuse of discretion. *State v. Gathercole*, 877 N.W.2d 421, 427 (Iowa 2016). To establish reversible error, Ayodele "must show the violation of the limine order resulted in prejudice that deprived [him] of a fair trial." *State v. Frei*, 831 N.W.2d 70, 80 (Iowa 2013), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). A defendant is denied a fair trial when "the matter forbidden by the ruling was so prejudicial that its effect upon the jury could not be erased . . . ." *State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998).

That is the case here. In no uncertain terms, the district court ruled, "the State (counsel, witnesses, video or other evidence) shall be precluded from

arguing, stating, opining, or otherwise suggesting that the object thrown out of the window of the vehicle was marijuana." The court continued, "Trooper Sackett may not testify that the object appeared to be marijuana. Trooper Sackett may not describe the object in any manner suggesting that it was marijuana (i.e. shape, size, color); and counsel for the State may not argue or imply to the jury that the object was marijuana." In discussing the defense motion with counsel, the court also stated any references to the thrown substance as marijuana would be "highly prejudicial" in the absence of evidence the substance was indeed marijuana.

We conclude the district court abused its discretion by failing to sustain the motion for mistrial made by Ayodele after the video was published for jury viewing. At that point, the prosecutor had shown he did not heed the court's prior ruling: "Without sufficient evidence substantiating [the thrown object] was marijuana, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice." Prior to the video being shown, the prosecutor asked Trooper Sackett whether the thrown item was a solid. The court sustained a defense objection. Undeterred, the prosecutor failed to redact and published to the jury portions of the video in which (1) Sackett said Ayodele threw "shit out the window," (2) Sackett asked Madison whether Ayodele "got nervous, started throwing shit," and (3) Sackett asked him if there was "more" marijuana in the vehicle. The above references were thinly-veiled attempts to "argue or imply to the jury that the object was marijuana," in direct contravention of the court's ruling on Ayodele's motion in limine. *Cf. State v. Trudo*, 253 N.W.2d 101, 107 (Iowa 1977) ("[I]t is also apparent the prosecution, in an ill-advised effort to gild the lily,

was attempting to elicit testimony in an area we indicated was forbidden to experts at least four months before this trial.").

The bell could not be unrung. A juror exercising common sense as instructed could have surmised from these inadmissible references, rather than the duly admitted evidence, that Ayodele possessed marijuana. Notably, the case was tried to a jury, and the jury was not given a curative instruction following the prosecutor's introduction of the problematic portions of the video.[4] *See State v. Richards*, 879 N.W.2d 140, 153 (Iowa 2016) (noting "the better practice" is to give "the jury a limiting instruction curtailing the danger of unfair prejudice").

We reverse Ayodele's conviction for possession of marijuana (second offense) and remand for a new trial.

**REVERSED AND REMANDED.**

All judges concur except Vaitheswaran, P.J., who dissents.

---

[4] Additionally, the prosecutor violated a ruling on his own motion in limine, which precluded the State from making reference to two occupants' innocence of potential drug possession charges. This impermissible reference left the jury with the impression that only Ayodele and Madison could have possessed the marijuana. This violation, along with (1) asking whether the thrown item was a solid and (2) failing to redact the cited portions of the video, were, as the district court found, "highly prejudicial." We are persuaded the jury could not erase the effect of these impermissible references.

**VAITHESWARAN, Presiding Judge (dissenting)**

I respectfully dissent. Although I agree the prosecutor violated the district court's rulings on the motions in limine, I am convinced the error was harmless.

There is more than one prejudice standard that could apply. If we were analyzing the case in terms of prosecutorial misconduct, the Iowa Supreme Court has stated we would have to find "the defendant was so prejudiced by the misconduct 'as to deprive the defendant of a fair trial.'" *See State v. Green*, 592 N.W.2d 24, 30-31 (Iowa 1999) (quoting *State v. Anderson*, 448 N.W.2d 32, 33 (Iowa 1989)). This is a constitutional harmless error standard. *See State v. Musser*, 721 N.W.2d 734, 756 (Iowa 2006) ("[P]rosecutorial misconduct is not, standing alone, a due process violation. . . . [O]nly when the prosecutor's conduct deprives the defendant of a fair trial is the right to procedural due process denied."); *accord State v. Winters*, No. 06-0535, 2007 WL 1062894, at *3 (Iowa Ct. App. Apr. 11, 2007). But where we are dealing with evidentiary rulings, we apply a nonconstitutional harmless-error standard: "Does it sufficiently appear that the rights of the complaining party have been injuriously affected by the error or that he has suffered a miscarriage of justice?" *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004) (quoting *State v. Trudo,* 253 N.W.2d 101, 107 (Iowa 1977)). Under this nonconstitutional standard, we presume prejudice unless the contrary is affirmatively established. *Id.*

I would apply the nonconstitutional harmless-error standard because the crux of the appeal is the State's violation of evidentiary rulings. I am not convinced Ayodele's rights were injuriously affected or that he suffered a miscarriage of justice. It is virtually undisputed that Trooper Sackett observed

"marijuana shake" or residue on Ayodele and smelled marijuana around him. It is also undisputed that Ayodele inculpated himself in the law enforcement vehicle when he was overheard asking if "Madison told." In addition, Sackett found baby jars containing marijuana residue and two small bags of marijuana in a pair of shoes near Ayodele. These items were situated close to Ayodele in the rear right passenger portion of the vehicle. Finally, Ayodele conceded to smoking marijuana recently. This evidence affirmatively establishes Ayodele's possession of marijuana independently of the prosecutor's intimations that the thrown substance was marijuana. I would affirm Ayodele's conviction for possession of marijuana (second offense).