# IN THE COURT OF APPEALS OF IOWA

No. 16-1798
Filed October 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAMONA MAE VERDINEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


A defendant appeals her conviction for second-degree theft. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Ramona Verdinez was convicted of second-degree burglary, second-degree theft, and using a juvenile to commit certain offenses.  Her argument on appeal is limited to her assertion there is insufficient evidence she committed second-degree theft under the theory of joint criminal conduct.  We conclude there is substantial evidence Verdinez committed burglary as an aider and abettor, and, therefore, the flawed joint criminal conduct instruction does not require reversal.

## I.  Background Facts and Proceedings

From the evidence presented at trial, the jury could have found the following: On July 13, 2016, Verdinez drove a juvenile, P.S., to a rural property near Marshalltown, arriving at the property at approximately 12:30 a.m.  Verdinez had equipped P.S. with two backpacks, gloves, and a flashlight; P.S. was armed with her own two pocket knives "for [her] protection" and a flashlight.  Verdinez instructed P.S. to knock on the front door but to enter through a nearby window if the door was locked.  She agreed they would split whatever property P.S. could find and promised to stay in the car to provide a lookout.

P.S. entered through the window and initially believed the house was vacant, as Verdinez had told her.  However, before entering, she had seen a light in an upstairs window, and after entering, she noticed laundry, dishes in the sink, and other indications someone was living in the house.  She decided she would "go hard" and quickly took a computer and office supplies to the car where Verdinez was waiting.  Verdinez told her to put the items in the back seat and to

re-enter the home to look for a vacuum cleaner. P.S. re-entered and took two computer mice, an assortment of jewelry, shoes, and a pack of cigarettes.

Before she could leave the house, officers responded to a 911 call placed by the home's occupant from an upstairs bedroom. They found Verdinez in the driver's seat of the car and P.S. still inside the house. The officers found the computer in the backseat of the car, and P.S.'s pockets were full with the small items she had taken.

On July 22, 2016, the county attorney charged Verdinez with first-degree burglary, in violation of Iowa Code section 713.3 (2016); second-degree theft, in violation of Iowa Code section 714.2(2); and using a juvenile to commit certain offenses, in violation of Iowa Code section 709A.6; and alleged the habitual offender sentencing enhancement was applicable to Verdinez, pursuant to Iowa Code section 902.8. After a jury trial, Verdinez was found guilty of second-degree burglary, second-degree theft, using a juvenile to commit certain offenses, and of being a habitual offender.

On October 14, 2016, the district court sentenced Verdinez to three terms of fifteen years in prison, with two terms running concurrently and the third running consecutively to the other two terms. The sentences were suspended, and Verdinez was placed under the probationary supervision of the Iowa Department of Correctional Services for five years.

Verdinez appeals.

## II. Standard of Review

The court reviews sufficiency of the evidence challenges for corrections of errors at law. *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). We will consider the evidence to be substantial if it can convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We review jury instructions for corrections of errors at law. *State v. Frei*, 831 N.W.2d 70, 73 (Iowa 2013).

## III. Joint Criminal Conduct

Verdinez challenges the sufficiency of the evidence to support the conviction of second-degree theft under the theory of joint criminal conduct.[1] The jury was instructed on both joint criminal conduct and aiding and abetting, but they were given a general verdict form with no indication which theory the jury accepted. Because Verdinez asserts there is insufficient evidence that she committed second-degree theft by joint criminal conduct, she claims her conviction should be vacated and remanded to the district court for a new trial.

The district court provided the following on joint criminal conduct:

When two or more persons act together and knowingly commit a crime, each is responsible for the other's acts done in furtherance of the commission of the crime or escape from the scene. The defendant's guilt is the same as the other person's unless the act(s) could not reasonably be expected to be done in furtherance of the commission of the crime.

---

[1] A party ordinarily must raise an issue, and the district court must rule on that issue to ensure preservation for appellate review. *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) ("[W]hen the motion for judgment of acquittal did not make reference to the specific elements of the crime on which the evidence was claimed to be insufficient, it did not preserve the sufficiency of the evidence issue for review."). The record establishes the district court heard and ruled on Verdinez's motion for judgment of acquittal regarding the joint-criminal-conduct theory. Thus, the issue has been preserved for our review.

Joint criminal conduct "contemplates two acts—the crime the joint actor has knowingly participated in, and a second or resulting crime that is unplanned but could reasonably be expected to occur in furtherance of the first one." *State v. Rodriguez*, 804 N.W.2d 844, 852 (Iowa 2011). To prove joint criminal conduct, the State was required to demonstrate four elements: (1) Verdinez acted in concert with another, (2) Verdinez knowingly participated in a public offense, (3) a different crime was committed by another participant in furtherance of Verdinez's offense, and (4) the commission of the different crime was reasonably foreseeable. *See State v. Smith*, 739 N.W.2d 289, 294 (Iowa 2007) (citing Iowa Code § 703.2). Verdinez challenges the proof of the third element, arguing the district court committed reversible error submitting the joint-criminal-conduct instruction because the theft was not committed "in furtherance of" the initial burglary offense but, rather, a separate offense committed after the burglary was completed. *See State v. Tyler*, 873 N.W.2d 741, 752 (Iowa 2016) (explaining joint criminal conduct requires the second crime to be unplanned but reasonably expected to occur in furtherance of the first crime).

In *Tyler*, our supreme court required a retrial when a flawed submission of a joint-criminal-conduct instruction may have tainted the jury verdict. 853 N.W.2d at 754. In *Tyler*, there were arguably two crimes—namely, Tyler's initial hitting Daughenbaugh in the face and then the subsequent group beating. *State v. Shorter*, 893 N.W.2d 65, 76 (Iowa 2017). It was possible the jury did not believe Tyler was guilty of second-degree murder as a principal or as an aider and abettor but instead concluded that liability for murder arose only out of joint criminal conduct. *Id.*

While Verdinez and P.S. claim they did not intend to commit a theft when they arrived at the house, the record contains evidence that suggests otherwise. Verdinez gave P.S. two backpacks and gloves, P.S. was armed with two knives and a flashlight, and they agreed to split whatever P.S. took, all indicating an intent to commit theft. Since intent to commit a theft is a necessary element of burglary under this set of facts,[2] committing the theft cannot be considered an unplanned event under joint criminal conduct.

Our supreme court recently held that a "flawed joint criminal conduct instruction does not require reversal as long as there is no opportunity for the defendant to be found guilty based on anything other than the defendant's own conduct as a principal or aider and abettor of the crime charged." *Id.* (internal citations omitted). Accordingly, there is substantial evidence Verdinez committed the theft as an aider and abettor.[3] Verdinez and P.S. drove to the house with backpacks and gloves, intending to commit a theft. P.S. and Verdinez agreed to split whatever P.S. could find and Verdinez stood watch in the car while P.S. brought the computer and office supplies to the backseat. Thus, Verdinez assented to and encouraged P.S.'s conduct. As a result, the flawed joint-criminal-conduct instruction does not require reversal as Verdinez was an aider

---

[2] Burglary is defined as "any person, having the intent to commit a felony, assault or theft therein, who . . . enters an occupied structure, such occupied structure not being open to the public . . . or any person having such intent who breaks an occupied structure." Iowa Code § 713.1.

[3] To secure a conviction based on aiding and abetting, the State must introduce substantial proof to show that the accused "assented to or lent countenance and approval to" the criminal act. *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977). Knowledge of the crime is essential, "but neither knowledge nor presence at the scene of the crime is sufficient to prove aiding and abetting." *Id.*; *accord* Iowa Code § 703.1.

and abettor to the theft. *See id.; State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998).

**AFFIRMED.**