**IN THE COURT OF APPEALS OF IOWA**

No. 17-0489
Filed December 20, 2017

**FLOYD EUGENE CROSS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        An applicant appeals the district court's summary dismissal of his application for postconviction relief.  **AFFIRMED.**


        Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.


        Considered by Vogel, P.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Floyd Cross was convicted of first-degree robbery and willful injury causing serious injury in 2007. He appealed, and this court affirmed his conviction. *See State v. Cross*, No. 07-0599, 2008 WL 3916703, at *3 (Iowa Ct. App. Aug. 27, 2008). Following the appeal, procedendo was entered October 24, 2008. Cross then filed a postconviction relief (PCR) application, raising a number of ineffective-assistance-of-counsel claims. His application was denied, and we affirmed in part and reversed in part that denial on appeal. *See Cross v. State*, No. 10-0968, 2012 WL 5356167, at *2-5 (Iowa Ct. App. Oct. 31, 2012) (finding Cross failed to prove his trial counsel was ineffective but his two convictions should be merged).

Cross then filed a second application for PCR September 24, 2015. The State filed a motion for summary judgement, asserting Cross's application was time-barred under Iowa Code section 822.3 (2015). The motion came on for a hearing before the district court, and in a written ruling, the district court granted the State's motion for summary judgment and dismissed Cross's application. The court concluded Cross's application was time-barred and he failed to prove he was raising a new ground of fact or law, which would have satisfied the exception to the three-year statute of limitations. *See* Iowa Code § 822.3 (providing all PCR applications "must be filed within three years from the date . . . the writ of procedendo is issued" but the "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period").

On appeal, Cross claims his application is excused from the statute of limitations because of a ground of law that could not have been raised within the applicable three-year period. Specifically, he claims the case of *State v. Smith*,

739 N.W.2d 289 (Iowa 2007), changed the substantive law regarding how juries are to be instructed on joint criminal conduct, *Smith* should be applied retroactively to his case, and he could not have raised this argument earlier until the case of *State v. Shorter*, No. 14-1239, 2016 WL 3272291, at *3-4 (Iowa Ct. App. June 15, 2016), was decided.

We begin by noting our decision in *Shorter* has been vacated by the supreme court and is no longer good law for Cross to rely on in his attempt to excuse the late filing of his PCR claim. *See State v. Shorter*, 893 N.W.2d 65, 68 (Iowa 2017). Secondly, Cross never asserted in the district court that our decision in *Shorter* in any way affected his argument that the ground-of-law exception to three-year statute of limitations should apply to his PCR application. Thus, his argument that *Shorter* is a new ground of law that could not have been raised within the statute of limitations has not been preserved. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). Finally, even if our decision in *Shorter* were still good law and assuming such claim had been preserved, our decision in *Shorter* did not "change" the law with respect to the jury instruction for joint criminal conduct; it merely attempted to apply the then-existing law as articulated by *State v. Tyler*, 873 N.W.2d 741, 752–54 (Iowa 2016), and *Smith*, 739 N.W.2d at 295. *See State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) (holding the ground-of-law exception is meant "to allow for a review of a conviction if there has been a *change* in the law that would [a]ffect the validity of the conviction" (emphasis added)).

Thus, our opinion in *Shorter* does not excuse Cross's late filing of his second PCR application.

Cross did assert in the district court that *Smith*, 739 N.W.2d at 295, changed the law with respect to the joint-criminal-conduct jury instruction and this change should be retroactively applied to his case.[1] However, as noted by the district court, *Smith* was decided in 2007, and thus, this claim could have been raised in Cross's first PCR application,[2] which was filed within the applicable three-year statute of limitations. The decision in *Smith* does not satisfy the ground-of-law exception to the three-year statute of limitations in order to save Cross's second PCR application.

Finally, Cross cites the case of *Tyler*, 873 N.W.2d at 752–54, in his brief in support of his appeal. While the *Tyler* decision was filed after the expiration of the three-year statute of limitations, it cannot satisfy the exception to the three-year bar because, again, the case merely applied the *Smith* decision. *Tyler*, 873

---

[1] We also note that even if Cross could get beyond the three-year statute of limitations for his claim, the *Smith* case provided that its holding would be applicable to future cases. *See* 739 N.W.2d at 295 ("In the *future*, if a court is going to instruct the jury on the theory of joint criminal conduct, it should incorporate the elements of joint criminal conduct as set forth in this opinion, rather than instructing the jury with the general language of section 703.2." (emphasis added)).

[2] We also note Cross did challenge the joint-criminal-conduct jury instruction in his first PCR application. *See Cross*, 2012 WL 5356167, at *4. In the appeal from the first PCR application, this court rejected Cross's assertion he received ineffective assistance because his counsel did not object to the jury instruction on aiding and abetting and joint criminal conduct. *Id.* We concluded:

> [T]he marshaling instruction directed the jury to consider Cross's conduct alone. Therefore, he would have been found guilty based on his own conduct. *See State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998) (finding there was no error in giving an instruction on joint criminal conduct where there was no opportunity for the defendant to have been found guilty based on anything other than his own conduct).

*Id.*

N.W.2d at 752–54.  As stated earlier, the ground-of-law exception allows "for a review of a conviction if there has been a *change* in the law that would [a]ffect the validity of the conviction."  *Edman*, 444 N.W.2d at 106 (emphasis added).  *Tyler* did not change the law, and thus, it does not satisfy the ground-of-law exception.

The procedendo following Cross's direct appeal was entered October 24, 2008, and Cross did not file this current PCR application until September 24, 2015, more than three years later.  None of the cases cited by Cross satisfy the ground-of-law exception to the statute of limitations.  Therefore, we agree with the district court's conclusion that Cross's second PCR application is time-barred, and we affirm the dismissal.

**AFFIRMED.**