**Kenneth Edmund GORDON, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 90–1122.**

Court of Appeals of Iowa.

Nov. 26, 1991.

G.A. Cady III of Hobson, Cady & Cady, Hampton, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett and Kevin Struve, Asst. Attys. Gen., for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

In November 1982 Kenneth Gordon was charged with first-degree murder. His neighbor, Ella Janine Loper, was also charged with first-degree murder in connection with the same death.

In his 1983 trial Gordon asserted a defense of diminished capacity due mainly to alcohol and drug intoxication. Before trial he indicated he would like to call Loper as a witness in support of this defense. In fact, he attempted to take a pretrial discovery statement from Loper. However, Loper refused to make a pretrial statement, relying on her fifth amendment right against self-incrimination. In addition, she gave notice that she would rely on her fifth amendment right to remain silent if she were called at trial. Accordingly, Gordon did not call Loper as a witness at his trial.

In May 1983 a jury found Gordon guilty of first-degree murder. He was convicted and sentenced on that charge in June 1983. One month later the State dismissed the first-degree murder charge against Ella Janine Loper. Upon direct appeal Gordon's conviction was affirmed by the Iowa Supreme Court. *State v. Gordon*, 354 N.W.2d 783 (Iowa 1984).

Gordon later filed the present application for postconviction relief. The district court denied relief, and Gordon has appealed. Gordon's contention on this appeal is that he is entitled to postconviction relief because the prosecutors in his 1983 criminal trial committed prosecutorial misconduct by delaying the dismissal of the charge against Loper until after Gordon's trial and conviction. He asserts the prosecutors apparently intended all along to dismiss the charge against Loper. If that is true, he argues, the prosecutors had a duty to dismiss the charge against Loper before his own trial so that he could call Loper as a witness to support his diminished capacity defense.

The State responds that Gordon cannot raise this issue because he has not shown

sufficient reason for failing to raise it in his 1984 direct appeal. In a reply brief, Gordon argues that he could not have raised the issue in his 1984 direct appeal because the fact of the dismissal of the charge against Loper was outside the record of that appeal.

■ Postconviction relief proceedings are civil actions. When postconviction actions involve a violation of constitutional safeguards, we make an evaluation based upon the totality of the circumstances. This is the equivalent of a de novo review. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). When as in this case, however, no violation of constitutional safeguards is asserted, our review is for errors of law. Iowa R.App.P. 14(f)(1); *Hinkle*, 290 N.W.2d at 30.

■ In this case, the burden is upon petitioner to prove the allegations of his petition by a preponderance of the evidence. He is required to prove prosecutorial misconduct and that such misconduct caused him prejudice. Basically, the petitioner must prove the misconduct deprived him of a fair trial. *State v. Vickroy*, 205 N.W.2d 748, 751 (Iowa 1973).

## I.

Gordon claims the trial court erred in finding the State did not engage in prosecutorial misconduct and that he suffered no prejudice. He argues the State knew at the time it rested its case against Gordon that no case could be successfully prosecuted against Loper and that the prosecutors violated Iowa Code of Professional Responsibility for Lawyers DR 7–103.

The State responds the postconviction court properly rejected Gordon's claim of prosecutorial misconduct. Because this claim is brought for the first time in postconviction, the State contends Gordon is barred from raising it now.

■ Postconviction proceedings are inappropriate for presentation of an issue which has not been properly preserved.

Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously.

*Washington v. Scurr*, 304 N.W.2d 231, 234 (Iowa 1981); Iowa Code § 663A.8 (1991). We cannot review such an issue unless the applicant demonstrates by a preponderance of the evidence: (1) sufficient reason or cause exists for not having raised it on direct appeal; and (2) actual prejudice resulted from the claimed error. *Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984).

■ In order for us to even consider the issue of prosecutorial misconduct, we must find the requisite cause and prejudice as noted above. We believe Gordon's showing is sufficient to require a finding that he did not waive the issue by failing to raise it on direct appeal.

First, the dismissal of the case against Loper, which was not a part of the record in Gordon's criminal case, took place a month after he was sentenced. Neither he nor his appellate attorney was charged with knowledge of that dismissal since it was not a matter of record in Gordon's case. The dismissal was unknown until after the thirty days within which Gordon was required to serve notice of appeal. Iowa R.App.P. 101.

Second, on the question of prejudice, the dismissal was done at such a time that it could not be tested by direct appeal to determine if it was reversible error. To raise the issue appropriately for the appeal, it was necessary to include it as a ground for new trial. That motion must be made within forty-five days of the verdict of guilty, "but in any case not later than five days before the date set for pronouncement of judgment." Iowa R.Crim.P. 23(2)(a). It is obvious from the record that Gordon could not meet the requirements of that rule.

We believe *Polly* cannot require the determination of prejudice on the ultimate question in the postconviction proceeding without evidence or record of the criminal trial. Consequently, we search the record

for a showing of prejudice in being denied the right to present this issue on direct appeal. Had Gordon been able to raise the issue on direct appeal, the burden of showing misconduct and prejudice would have been less than by the current action. *See Vickroy*, 205 N.W.2d at 751. Thus, Gordon was prejudiced by being unable to raise it on direct appeal.

Having determined that Gordon did not waive the issue of prosecutorial misconduct, we turn to the merits of this postconviction action.

## II.

To be entitled to postconviction relief, Gordon must prove, by a preponderance of the evidence, (1) that the prosecutor was guilty of misconduct; and (2) that he was prejudiced thereby. He must prove more than a mere possibility of prejudice. He must show that the misconduct "worked to his ... actual and substantial disadvantage...." *Polly*, 355 N.W.2d at 855.

■ A. Misconduct. In this case, since we are not dealing with an issue of constitutional magnitude, our review is not de novo, but is for errors of law. We are bound by the fact findings of the trial court if those findings are supported by substantial evidence. Iowa R.App.P. 14(f)(1). At the outset, we believe the petitioner established a prima facie case of misconduct. Given the record, a reasonable fact finder could determine the timing of the dismissal was intended to deny Gordon the use of Loper as a witness and was intended to deny him the opportunity to obtain her testimony for a motion for new trial or to raise the issue of misconduct on direct appeal. Justice may have been better served if the dismissal had been carried out at an earlier time. On the other hand, the State did offer testimony in defense of its dismissal after Gordon's trial. It explained that the details of the State's evidence on the trial of Gordon convinced the prosecutors that Loper's part in the crime was the "giving of false statements and altering physical evidence rather than of participating in the premeditated act of murder." It was only after trial that they made the

decision they could not successfully prosecute Loper for murder.

The trial court correctly heard evidence on the merits of Gordon's claim. It decided the actions of the prosecutors did not constitute misconduct. Its findings of fact were supported by substantial evidence and are binding upon us. There was no error in deciding that the acts of the prosecutors were not misconduct. We affirm the trial court on that issue.

■ B. Prejudice. We have affirmed the trial court on its finding of no prosecutorial misconduct. The first link in the chain of granting postconviction relief is therefore missing. It would be unnecessary for us to address the prejudice prong of the case, but in a desire to add clarity to the decision, we shall address that issue as well.

Gordon must prove that he was prejudiced as a result of the claimed misconduct. He must prove more than a mere possibility of prejudice. He must prove that the misconduct worked to his *actual* and substantial disadvantage, infecting the entire trial with error of constitutional magnitude. *Polly*, 355 N.W.2d at 855. He may prove prejudice by showing that the misconduct denied him a fair trial, and thereby denied him due process of law.

The defense presented at trial was one of diminished responsibility, primarily premised on Gordon's alleged intoxication at the time of the murder. Gordon urges that Loper's testimony would have been critical to support this defense. However, Gordon did not call Loper as a witness at postconviction nor was any record made regarding his inability to do so. The trial court assumed her testimony at trial would have coincided with the statement she gave to the police after the murder. Gordon also relies on this statement on appeal to show how her testimony could have assisted the defense. We conclude the failure to call Loper at postconviction renders speculative what her testimony would have been. We cannot determine from this record if Loper would even testify for Gordon at retrial. We do not know if her testimony would be

consistent at all with her statement. *See State v. Ritchison,* 223 N.W.2d 207, 212–13 (Iowa 1974) (criminal conviction may not be reversed on mere speculation).

In addition, we agree with the trial court that had Loper's statements been repeated at trial "it is likely they would have served to undermine, not buttress, [Gordon's] defense." Loper made several statements indicating that Gordon "wasn't really drunk." One of the defense expert witnesses testified at trial regarding diminished responsibility stating that he believed Gordon's state of mind, because intoxicated, on the night of the murder had adversely affected him such that he could not form the intent to kill. However, this same witness conceded that if the applicant had lied to him about being intoxicated, and if there was other evidence that he had not been intoxicated, that opinion would probably change. We determine it cannot be concluded Loper's testimony would have made a difference. Gordon has failed to demonstrate the required prejudice.

### III.

Gordon also claims the trial court erred in requiring him to show prejudice. He relies on decisions from two other states. Because we conclude Gordon has failed to establish prosecutorial misconduct, we do not decide whether prejudice should be presumed. *See State v. Ruble,* 372 N.W.2d 216, 218 (Iowa 1985).

We affirm the trial court's decision on all issues.

AFFIRMED.