# IN THE COURT OF APPEALS OF IOWA

No. 18-0983
Filed March 4, 2020

**ALBERT JOHNSON III,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Johnson appeals from the denial of his amended application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf (until withdrawal), and Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Albert Johnson III, Clarinda, self-represented appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Judge.**

Albert Johnson III, appeals the denial of his application for postconviction relief (PCR).  Johnson raises claims through counsel and pro se.[1]  Through counsel, Johnson argues (1) trial counsel was ineffective in failing to object to (a) police testimony outside the scope of the minutes of evidence, (b) the joint-criminal-conduct jury instruction, and (c) the prosecutor's use of undisclosed police testimony and vouching for witness credibility in closing arguments; (2) appellate counsel was ineffective in failing to (a) adequately raise and argue the voluntariness of the speedy-trial waiver, and (b) raise the issue of prosecutorial misconduct regarding use of undisclosed police reports and the joint-criminal-conduct jury instruction; and (3) PCR counsel was ineffective in (a) failing to actively pursue the case after filing a pro forma amended PCR application, (b) engaging in conduct resulting in a reprimand from the Iowa Attorney Disciplinary Board (Board), and (c) failing to depose several witnesses in the underlying criminal matter and in PCR proceedings.  Johnson argues pro se that (1) trial counsel was ineffective in failing to object to police testimony outside the

---

[1] While recently enacted legislation forecloses our ability to consider pro se documents, *see* 2019 Iowa Acts ch. 140, § 30(1) (codified at Iowa Code § 814.6A(1) (2019)), we have concluded the legislation does not apply to pro se materials filed before its effective date, July 1, 2019.  *See, e.g.*, *State v. Banks*, No. 18-1337, 2020 WL 110297, at *2 n.2 (Iowa Ct. App. Jan. 9, 2020); *Campbell v. State*, No. 18-1052, 2020 WL 105086, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Banks*, No. 18-0721, 2020 WL 105078, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. O'Connor*, No. 18-0376, 2020 WL 109509, at *3 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019); *Daniels v. State*, 18-0672, 2019 WL 6894225, at *1 n.2. (Iowa Ct. App. Dec. 18, 2019); *State v. Kehoe*, No. 18-0222, 2019 WL 6893771, at *1 n.1 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019).  We will consider Johnson's pro se briefs.

scope of the minutes of evidence and (2) both trial and appellate counsel were ineffective in (a) failing to investigate an alleged speedy-trial violation, (b) neglecting Johnson, (c) failing to argue on appeal that Johnson's speedy-trial waiver was not voluntary, and (d) failing to file for rehearing with this court or for further review with the Iowa Supreme Court.[2]

## I.    Background Facts and Proceedings

In 2012, Johnson, formerly known as Albert Butler III, was convicted of burglary in the first degree, robbery in the first degree, conspiracy to commit a forcible felony, willful injury causing serious injury, and assault while participating in a felony resulting in a serious injury.  This court affirmed the convictions on direct appeal.  *State v. Butler*, No. 12-0858, 2013 WL 2145741, at *1 (Iowa Ct. App. May 15, 2013).  Johnson began PCR proceedings following the appeal.  Johnson alleges his numerous attorneys throughout the underlying criminal and PCR proceedings were ineffective.

The incident giving rise to Johnson's criminal charges occurred on January 17, 2011.  A home invasion was perpetrated by three people, one armed with a shotgun.  One occupant was shot in the leg.  Johnson was the alleged shooter.  When charged in August 2011, Johnson was incarcerated in Illinois and was appointed counsel from the Iowa Public Defender's Office.  The public defender withdrew due to a conflict of interest, beginning a revolving door of counsel throughout Johnson's criminal and PCR proceedings.  The particulars of each

---

[2] Johnson's pro se claims largely duplicate claims raised through counsel.  To the extent the claims overlap, we choose to address them only once.

counsel's representation will be discussed in relation to the claims presented below.

## II. Standard of Review

Appellate courts review PCR proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, claims of ineffective assistance of counsel, even when raised through PCR proceedings, are reviewed de novo. *Id.* When exercising a de novo review, "we give weight to the lower court's findings concerning witness credibility." *Id.*

## III. Discussion

### A. Ineffective Assistance of Counsel

Johnson claims all counsel that represented him through the process of trial, direct appeal, and PCR were ineffective, except the public defender and counsel for this appeal. In order to prove ineffective assistance of counsel, "a claimant must satisfy the *Strickland* test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (quoting *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008)). The first prong, failure to perform an essential duty, is satisfied by showing by a preponderance of the evidence that counsel's error was so serious that counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (quoting *State v. Palmer*, 791 N.W.2d 840, 850 (Iowa 2010)). The second prong requires the claimant to prove "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 496 (quoting *Maxwell*, 743 N.W.2d at 196).

### 1. Trial Counsel

Johnson alleges trial counsel was ineffective in failing to object to (1) police testimony outside the scope of the minutes of evidence, (2) a joint-criminal-conduct jury instruction, and (3) multiple improprieties allegedly committed by the State during closing arguments.

Our supreme court has found "there is no requirement that the minutes of [evidence] provide a complete catalogue of witness testimony at trial, but only that the defense be placed on fair notice and not subject to surprise testimony." *State v. Shorter*, 893 N.W.2d 65, 81 (Iowa 2017). Johnson alleges testimony regarding a traffic stop that took place nine days after the robbery was used as improper identification evidence because it was not contained or referenced at all in the minutes of evidence.[3] The PCR court stated:

> [The traffic stop] was nine days after the crime. This testimony—concerning an incident several days after the event and involving the applicant and a co-defendant—did not provide the defendant with a meaningful opportunity to counter that testimony. If trial counsel would have objected, it is likely this testimony would have been excluded. The court cannot deduce a strategic reason not to object, and will assume that trial counsel breached an essential duty in failing to object to this testimony.

However, the PCR court found Johnson failed to prove prejudice.

The minutes of evidence indicate that Officer Butt observed a vehicle and its occupants while en route to the scene of the robbery on the night of the robbery. The testimony at issue is about a traffic stop that took place more than a week later and produced evidence related to a co-defendant. We agree with the PCR court

---

[3] Johnson also criticizes trial counsel's failure to take depositions. Because this argument was not ruled on by the PCR court we cannot consider it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

there was no strategic advantage in allowing this testimony to be admitted. Trial counsel breached an essential duty in failing to object to Officer Butt's testimony related to the traffic stop, so we next consider whether Johnson was prejudiced by the breach. *See Clay*, 824 N.W.2d at 495–96.

Is there is a reasonable probability Johnson would have avoided conviction if counsel had objected to Butt's traffic-stop testimony? *See id.* at 496. The jury heard evidence including jailhouse informants testifying to Johnson's admissions of guilt and the statements of Johnson's former paramour regarding admissions and behavior the night of the crime. The jury also heard evidence placing Johnson with a co-defendant at the time of the crime. Even if counsel had objected to testimony on the January 26 traffic stop, we see no reasonable probability the trial would have resulted any other way. *See id.*

Johnson argues his counsel was ineffective in failing to object to the joint-criminal-conduct jury instruction. Jury instruction number ten stated:

> When two or more persons act together and knowingly commit a crime, each is responsible for the other's acts during the commission of the crime or escape from the scene. A defendant's guilt is the same as the other person's unless the acts could not reasonably be expected to be done in furtherance of the commission of the crime.

The State then referenced joint criminal conduct during closing arguments, stating "this is really something that's more apropos as it relates to [the co-defendants]." Johnson does not argue the instruction is an incorrect statement of the law, merely that it should not have been given based on the facts of this case, and when coupled with the references in closing statements, was used to "pile onto [the State's] theory."

In order to convict pursuant to a joint-criminal-conduct theory, there must be two separate acts. *State v. Tyler*, 873 N.W.2d 741, 752 (Iowa 2016). The first is "the crime the joint actor has knowingly participated in, and a second or resulting crime that is unplanned but could reasonably be expected to occur in furtherance of the first one." *Id.* (quoting *State v. Rodriguez*, 804 N.W.2d 844, 852 (Iowa 2011)). In *Tyler*, the defendant struck another person in the face, knocking that person to the ground. *Id.* at 744–45. Shortly thereafter, the rest of the group with Tyler continued the violent attack. *Id.* at 745. The two crimes in *Tyler*, the initial strike and following group attack, could arguably be separated. *Id.* at 752. But, conviction pursuant to a joint-criminal-conduct theory would have required that the jury "found Tyler acted *in concert* when he committed the first crime . . . . A jury would have to find there was a plan in place among Tyler and the others . . . at the time Tyler struck the first blow." *Id.* The fact that Tyler was surrounded by a group of people was insufficient to support that theory. *Id.* at 753. The court ultimately found the joint-criminal-conduct instruction was improper and reversed his conviction. *Id.*

In the case at bar, the first crimes were the robbery and burglary. The second crime was the willful injury causing serious injury, which could reasonably be expected to occur in furtherance of an armed robbery or burglary. It would appear the requirements described in *Tyler* have been met. *See id.* at 752. However, instruction ten instructed the jury Johnson should be held accountable for "the *other's* acts." (Emphasis added.) The act of firing the shotgun was not the act of another, it was Johnson's act. Thus, it was improper for the instruction to be given.

Our supreme court has also held:

> [T]he giving of a joint criminal conduct instruction in instances in which the alleged multiple participants are either principals or aiders and abettors in the same crime does not require reversal if there is no opportunity for the defendant to have been found guilty based on anything other than his own conduct as a principal or an aider and abettor of the crime with which he is charged.

*State v. Jackson*, 587 N.W.2d 764, 766 (Iowa 1998) (citations omitted). In this case, there was no opportunity for Johnson to have been convicted of the willful injury causing serious injury for the acts of anyone else as he was the principal, the shooter. Thus, the error in giving instruction ten to the jury is not fatal. *See Shorter*, 893 N.W.2d at 75–76; *Jackson*, 587 N.W.2d at 766.

Johnson finally argues trial counsel was ineffective in failing to object to misconduct committed by the prosecutor during closing arguments. Johnson targets the previously discussed evidence obtained pursuant to Officer Butt's traffic stop, personal opinions allegedly offered by the prosecutor, and vouching for witness credibility. Based on our prior analysis of the Officer Butt traffic stop, we maintain our finding the failure to object to the evidence, and the following failure to object to the discussion in closing arguments, was not prejudicial. As to the other alleged instances of prosecutorial misconduct, we consider them below under a separate heading.

### 2. Appellate Counsel

Johnson, through counsel, generally argues that prior appellate counsel was ineffective on direct appeal. In this appeal, however, the briefs make only general allegations and provide no references to specific instances of

ineffectiveness in the record, nor are there sufficient legal citations.[4]  Briefs submitted on appeal must include citations to legal authority and relevant sections of the record, failure to do so may result in waiver of the issue.  Iowa R. App. P. 6.903(2)(g)(3).  Because of the failure to identify specific alleged errors, we deem the arguments waived.

Johnson argues pro se that both trial and prior appellate counsel were ineffective in failing to argue his speedy-trial waiver was involuntary.  The State argues the waiver was voluntary and counsel, specifically appellate counsel, was not ineffective for failing to raise a meritless argument.[5]  Because the PCR court addressed this claim in relation to only appellate counsel, we will do the same. *See Meier*, 641 N.W.2d at 537.

At the time charges were filed, Johnson was incarcerated in a federal facility in Illinois.  He was appointed counsel and attempted, pro se, to seek extradition to Iowa.  Johnson was transferred to the Scott County jail approximately two months later and was immediately appointed new counsel.[6]  Newly-appointed counsel appeared with Johnson for arraignment on October 20, 2011, and demanded

---

[4] Counsel made one reference to legal authority following citations to cases describing the test for ineffective assistance.  Merely reminding the court of the responsibility placed on appellate attorneys to assess error is insufficient to alert the court of the errors to be addressed on appeal.  *See* Iowa R. App. P. 6.903(2)(g)(3).

[5] Johnson also argues trial and appellate counsel were ineffective in neglecting him and appellate counsel was ineffective in failing to file for rehearing with this court or further review with our supreme court.  Neither issue was ruled on by the PCR court.  Thus, we deem them waived.  *See Meier*, 641 N.W.2d at 537.

[6] Prior counsel, appointed following withdrawal of the public defender, alleged she was never notified of the appointment.  The PCR court credited Johnson's testimony that he attempted to contact prior counsel while in Illinois but also found a "reasonable assumption" counsel did not reply based on her testimony she was never notified of the appointment.

speedy trial, which would expire on November 7. Trial was set for that date. Johnson expressed frustration with the newly-appointed counsel early in their relationship. Johnson filed, pro se, a motion to dismiss on October 26, alleging he had less than a month to prepare for trial. The motion was scheduled for hearing on November 28. Counsel informed Johnson he was prepared for trial on November 7 and would argue the motion to dismiss as a pretrial motion, but Johnson could waive his right to speedy trial to have more time to prepare and secure new counsel. Johnson waived speedy trial and sought new counsel, successfully asking for a specific attorney.

The PCR court found Johnson voluntarily waived speedy trial, noting his tactical purpose. Johnson wanted new counsel to appear with him at trial. Testimony at the PCR trial indicates counsel advised Johnson of the rights implicated in waiving speedy trial, discussed the disadvantage of having little time to prepare for trial, but also that counsel was in fact prepared for trial. The PCR court found counsel was prepared for trial within the speedy-trial deadline. Based on these facts, we cannot say counsel breached an essential duty in failing to argue the speedy-trial waiver was involuntary on appeal. *See Clay*, 824 N.W.2d at 495. Thus, appellate counsel was not ineffective in this respect. *See id.*

### 3. PCR Counsel

Johnson argues his first and second PCR counsel were ineffective in failing to adequately develop a record. Johnson also claims second PCR counsel was ineffective based on a finding of the Board that counsel "should be admonished." Johnson argues third PCR counsel was ineffective in failing to take depositions.

Claims that counsel did not adequately create a record are broad and fail to identify any specific error. Our supreme court has found "appeal of an equity case does not entitle an appellant to a *trial* de novo, only *review* of identified error de novo." *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996). We find the same principle is applicable here. Because specific factual and legal conclusions have not been identified for our review, we cannot address the claim that first and second PCR counsel failed to create an adequate record.

Johnson appears to claim he is automatically entitled to relief based on the Board's finding second PCR counsel violated duties owed to clients. Johnson's claim is based on a letter from the Board following a complaint he filed. However, the two-pronged test used by Iowa courts to examine claims of ineffective assistance provides otherwise. *See Clay*, 824 N.W.2d at 495. Even if the Board's findings are dispositive of breach, Johnson must still prove prejudice. *See id.*

The Board's letter states second PCR counsel engaged in conduct which violated rules regarding diligence, communication, safekeeping property, disregarding a court order, and conduct prejudicial to the administration of justice. From the record, we can see second PCR counsel violated a court order directing counsel to file an appearance and schedule Johnson's trial, failed to maintain communication with Johnson, and failed to appear for a hearing as directed by the court. It is apparent second PCR counsel breached duties owed to Johnson. However, second PCR counsel was removed before trial took place. Although second PCR counsel's behavior was inappropriate, it does not give this court any reason to question the outcome of the PCR trial. *See id.* at 496.

Johnson also alleges third PCR counsel was ineffective in failing to take depositions prior to trial. Johnson argues this resulted in counsel asking "basic background questions" at trial, leaving gaps in testimony that should have been further developed. The record shows third PCR counsel moved to continue trial in order to take depositions in August 2016, successfully applied for state funds to take depositions in March 2017, and unsuccessfully moved for permission to withdraw in February 2018. Trial was set for April.[7] In the order denying the motion, the court said counsel had a "good grasp" of the issues and noted counsel's acknowledgement that depositions still needed to be taken. Depositions never were, in fact, completed. But, the statement of issues filed prior to trial and PCR trial transcript confirm that counsel understood the issues, developed arguments, and thoroughly examined witnesses. On this record, we cannot say the failure to do so has resulted in a breach of duty. *See id.* at 495. Because we find third PCR counsel did not breach a duty, we do not find counsel ineffective. *See id.*

B.    Prosecutorial Misconduct

Johnson alleges the prosecutor improperly suppressed police documents, submitted jury instruction ten on joint criminal conduct, and vouched for the credibility of witnesses. We will also address the personal-opinion argument raised above. The State argues error has not been preserved on any prosecutorial-misconduct claim, insisting they are barred by statute. As to the personal-opinion argument, the State insists no misconduct occurred.

---

[7] Trial was continued to May due to a court conflict.

In general, to preserve an issue for appeal it must be raised before and decided by the district court. *Meier*, 641 N.W.2d at 537. A similar procedure extends to PCR proceedings.

> All grounds for relief available to an applicant . . . must be raised in the applicant's original, supplemental or amended application  Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8 (2013). Our supreme court has "long held [PCR] is not a means for relitigating claims that were or should have been properly presented on direct appeal." *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998) (citations omitted). In order to raise prosecutorial-misconduct claims as a part of PCR proceedings that were not raised on direct appeal a claimant must show "sufficient reason" or "cause" for not doing so. *Id.* A claimant must also show actual prejudice resulted. *Gordon v. State*, 480 N.W.2d 265, 267 (Iowa Ct. App. 1991).

In this case, no argument for sufficient cause was presented. Johnson's brief addresses only the merits of the claims. The PCR court addressed evidence outside the minutes of evidence solely through ineffective-assistance claims.[8] The PCR court addressed the vouching claim, albeit briefly, finding no misconduct occurred. Because no sufficient cause or prejudice has been shown, we cannot reach the merits. *See Osborn*, 573 N.W.2d at 921; *Gordon*, 480 N.W.2d at 267.

---

[8] The district court did not address the admission of Officer Butt's traffic-stop evidence or submission of jury instruction ten through a prosecutorial-misconduct theory. Because those arguments were not raised and ruled on, we deem them waived. *Meier*, 641 N.W.2d at 537.

We now turn to Johnson's claim his trial counsel was ineffective in failing to object to prosecutorial misconduct. Johnson's claim rests on alleged misconduct through admission of undisclosed police testimony and the prosecutor's personal-opinion statements during closing arguments. In its brief discussion, the PCR court stated the prosecutor "did not interject her personal beliefs. While she certainly made statements that the applicant and his attorney disagreed with, this framed the issues for the jury to decide." No misconduct was found.

The PCR court's ruling addressed Johnson's allegations of prosecutorial misconduct but did not address any ineffective-assistance claim for failure to object to prosecutorial misconduct. In order for this court to review those claims, they must have been raised before and ruled upon by the lower court. *Meier*, 641 N.W.2d at 537. It does not appear that happened, and we deem the claims unpreserved. *See id.*

## IV. Conclusion

We find all of Johnson's claims of ineffective assistance of counsel, raised through counsel and pro se, must fail. Because Johnson failed to present an argument showing sufficient cause for failing to raise his prosecutorial-misconduct claims on direct appeal, we deem them waived and unpreserved.

**AFFIRMED.**