# IN THE COURT OF APPEALS OF IOWA

No. 24-1631
Filed April 15, 2026

**Duane Maynord Huffer,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Story County,
The Honorable Melissa Anderson-Seeber, Judge.

**AFFIRMED**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

After pleading guilty to first-degree harassment, Duane Huffer filed a timely postconviction-relief ("PCR") application challenging his conviction. Among other claims, he alleged many instances of prosecutorial misconduct and ineffective assistance of his counsel. Following a bench trial, the district court found that Huffer failed to show that he was prejudiced by any of the alleged instances of prosecutorial misconduct or that his defense counsel breached any essential duty. So the court denied relief. Huffer now appeals.

On our review, we agree with the State that Iowa Code section 822.8 (2018) bars Huffer from raising his prosecutorial-misconduct claims in this PCR action because he failed to raise them during the criminal proceedings or in his direct appeal challenging the district court's revocation of his deferred judgment. And the State asserted the procedural bar to Huffer's claims in its answer to his PCR application. So we affirm the district court's denial of relief on this alternative ground and decline to reach the merits of Huffer's prosecutorial-misconduct claims.

As for his ineffective-assistance-of-counsel claims, we find that Huffer has not adequately argued or established constitutional prejudice in the guilty-plea context. So these claims too must fail. We thus affirm the district court's denial of Huffer's PCR application.

## I.    Background Facts and Proceedings

In early 2018, Huffer's then-wife reported to an Ames police officer that Huffer threatened to kill her and later put his hands around her neck while she was sleeping. The officer filed a criminal complaint alleging Huffer committed domestic-abuse assault impeding the flow of air or blood—an aggravated misdemeanor. *See* Iowa Code § 708.2A(2)(d). And the district

court entered a criminal no-contact order naming the assault victim as the protected party.

The day after Huffer's arrest, the Story County Attorney requested that a special prosecutor be appointed due to "a conflict of interest with the Story County Attorney's Office."[1] Granting that request, the court appointed an assistant Polk County Attorney as the special prosecutor in Huffer's case. After the special prosecutor "reviewed the full police report," the State moved to amend the charges to one count of domestic-abuse assault—a simple misdemeanor—and one count of harassment in the first degree—an aggravated misdemeanor. *See* Iowa Code §§ 708.2A(2)(a), 708.7(1)(b), 708.7(2)(a)(1). The court granted the motion, and the State filed an amended complaint and trial information charging Huffer with those offenses.

Huffer reached an agreement with the State to plead guilty to the first-degree harassment count. In exchange for his guilty plea, the State agreed to recommend a deferred judgment with eighteen months of probation and to dismiss the domestic-abuse count. As terms of probation, Huffer would obtain a mental-health evaluation and complete all recommended treatment. The State would also request to extend the no-contact order.

The court accepted Huffer's guilty plea. And consistent with the State's recommendation under the plea agreement and on the record at sentencing, the court deferred judgment, placed Huffer on probation for eighteen months, extended the no-contact order for five years, and dismissed the domestic-abuse count. But the court warned Huffer: "[I]f you cannot

---

[1] The Story County Attorney did not specify the conflict of interest. But Huffer testified at the PCR trial that the victim and the Story County Attorney "were law school classmates and studied together."

successfully complete that probation, you can lose your deferred judgment and you would be looking at two years in prison."

Less than a month after Huffer's sentencing, an assistant county attorney from the Story County Attorney's Office filed an application to revoke his probation for violating the no-contact order, and the court issued an arrest warrant. Ten days after Huffer's arrest, the same assistant county attorney moved to withdraw the application, explaining that "[a]fter further review the State has determined the facts do not support revocation of the defendant's probation." The court dismissed those revocation proceedings.

Three months later, a different assistant county attorney—again from the Story County Attorney's Office—filed a second application to revoke Huffer's probation for violating the no-contact order, and Huffer was arrested again. The special prosecutor then appeared on behalf of the State during the revocation proceedings. At the revocation hearing, Huffer admitted to violating the no-contact order twice—by sending a text message to the victim and by entering a vehicle that was parked outside of her apartment when she was not home.

The district court found that Huffer "violated the terms and conditions of probation by having violated the no contact order." Further, the court found that "the deferred judgment probation did not rehabilitate [Huffer] and it did not protect the community." Thus, the court revoked Huffer's deferred judgment and adjudged him guilty of first-degree harassment. The court imposed a two-year suspended sentence with credit for time served, returned Huffer to probation, and ordered him to reside at a residential facility until he "received maximum benefits" as a condition of his probation.

Our court affirmed the district court's revocation of Huffer's deferred judgment and its sentencing decision on direct appeal. *State v. Huffer*, No. 18-2149, 2020 WL 109593, at *1–2 (Iowa Ct. App. Jan. 9, 2020) (per curiam). Huffer was discharged from probation in late 2020.

Huffer filed a timely PCR application. He alleged, among many other claims, that the Story County Attorney's Office committed prosecutorial misconduct by initiating the probation revocation proceedings while it had a conflict of interest; by instructing the reporting police officer to lie when he filed the criminal complaint; and by breaching the plea agreement when it filed the first revocation application based on alleged conduct that occurred before sentencing. He also claimed that his trial counsel was ineffective for "not investigating things, lack of access to information, [and] failure to make appropriate motions and objections." His later amended application—filed with the assistance of an attorney—added more specific claims as to how his trial counsel failed to investigate and a claim that his appellate counsel was ineffective for failing to argue that his guilty plea should not have been accepted because of those failures to investigate. In its answer, the State asserted that Huffer's PCR application was "procedurally defaulted and barred" because he "failed to preserve the right to postconviction relief and waived the right to challenge [his] plea by failing to file a motion in arrest of judgment," and he "failed to preserve [his] claims for postconviction relief."

Huffer testified and submitted nearly two-thousand pages of exhibits at the PCR trial in 2023. The district court kept the record open for the State to submit an affidavit from Huffer's criminal trial counsel, for Huffer to submit a responsive affidavit, and for both parties to submit written closing arguments.

5

The court then denied Huffer's PCR application in a thorough written ruling. The court found that Huffer failed to establish most of his claims of prosecutorial misconduct but agreed "that it [was] improper conduct for a member of the Story County Attorney's Office to be involved . . . in seeking a warrant for violation of a no contact order due to the office's continued conflict of interest." But the court found that "Huffer fail[ed] to establish he was prejudiced by the actions of the Story County Attorney's Office for the first allegation of a probation violation" and rejected that claim too. On the ineffective-assistance-of-counsel claim, the court found that Huffer failed to show that his criminal trial counsel breached any essential duty.

Huffer now appeals.

## II. Prosecutorial Misconduct

Huffer first renews his arguments that prosecutorial misconduct deprived him of his constitutional right to due process. *See State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018). But before we can reach the merits, the State urges that we must reject Huffer's prosecutorial-misconduct claims because Iowa Code section 822.8 bars him from raising them for the first time in this PCR action. We agree.[2]

---

[2] Although the district court denied these claims on the merits, rather than based on section 822.8, we may consider and affirm on this alternative ground because the State asserted the ground in its answer to Huffer's PCR application. *Cf. DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) (clarifying that the section 822.8 procedural bar must be raised by the State in the district court before it can be asserted on appeal and, after noting that the State did not assert section 822.8 in its answer, refusing to consider the bar); *see also Taylor v. State*, No. 99-1285, 2003 WL 21153451, at *3 (Iowa 2003) (applying *DeVoss* to affirm based on the section 822.8 procedural bar even when not addressed by the district court because the State raised the issue in its answer to the PCR application).

Section 822.8 is the issue-preservation provision for PCR actions. *See State v. Johnson*, 784 N.W.2d 192, 196 (Iowa 2010). It provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. *Any ground finally adjudicated or not raised . . . in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application*, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8 (emphasis added); *see also id.* § 822.2(2) (providing that a PCR action "is not a substitute for nor does it affect any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction"). Ineffective-assistance-of-counsel claims are excepted from this preservation requirement. *See Johnson*, 784 N.W.2d at 196–98; Iowa Code § 814.7 (providing that ineffective-assistance claims "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim[s] for postconviction relief purposes, and the claim[s] shall not be decided on direct appeal from the criminal proceedings").

Our supreme court has "long held postconviction relief is not a means for relitigating claims that were or should have been properly presented on direct appeal." *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998). "Thus any claim not properly raised on direct appeal may not be litigated in postconviction unless there is a showing of sufficient reason or cause for not properly raising it previously, and of actual prejudice resulting from the alleged error." *Id.* (cleaned up); *see also Origer v. State*, 495 N.W.2d 132, 138–39 (Iowa Ct. App. 1992) (holding that prosecutorial-misconduct claim not raised on direct appeal was not preserved for postconviction relief). "In order for us to even consider the issue of prosecutorial misconduct" on PCR

appeal, "we must find the requisite cause and prejudice." *Gordon v. State*, 480 N.W.2d 265, 267 (Iowa Ct. App. 1991).

Trouble is, Huffer raised his prosecutorial-misconduct claims for the first time in his PCR application. He did not raise these claims in the district court during the underlying criminal proceedings. Nor did he raise them on direct appeal in challenging the revocation of his deferred judgment. *See Huffer*, 2020 WL 109593, at *1–2. And Huffer does not present any argument even trying to show that he had a sufficient reason or cause for failing to raise his prosecutorial-misconduct claims in his direct appeal.[3]

We thus hold that Huffer cannot raise his prosecutorial-misconduct claims for the first time in this PCR action. *See Johnson v. State*, No. 18-0983, 2020 WL 1049779, at *6 (Iowa Ct. App. Mar. 4, 2020) (declining to reach merits of PCR applicant's prosecutorial-misconduct claims where applicant "addressed only the merits" without any "argument for sufficient cause" and "no sufficient cause or prejudice" was shown). So we affirm the district court's denial of relief on this alternative ground and decline to reach the merits of Huffer's prosecutorial-misconduct claims.

## III.   Ineffective Assistance of Counsel

Huffer also renews his ineffective-assistance-of-counsel claim on appeal. We review a PCR applicant's ineffective-assistance-of-counsel

---

[3] Huffer also briefly mentions his trial counsel's failure to challenge his probation revocations based on the alleged misconduct in the ineffective-assistance-of-counsel section of his brief without any further argument or citation to authority. But his PCR application and amended application raised his allegations of prosecutorial misconduct as freestanding claims for relief—not as part of his ineffective-assistance-of-counsel claim. So any such claim is neither properly presented nor preserved for our review on appeal. *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

claim—like other constitutional claims—de novo. *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). While the district court's factual findings do not bind us, we give them weight, especially when based on witness credibility. *Id.*

Criminal defendants are constitutionally entitled to the effective assistance of counsel. *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "A defendant proves ineffective assistance of counsel when he establishes: (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Trane*, 16 N.W.3d at 692 (cleaned up). For the first element, the defendant must prove "counsel performed below the standard demanded of a reasonably competent attorney." *Id.* (cleaned up). But "[w]e presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *Id.* (cleaned up).

And to establish constitutional prejudice, "typically, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith v. State*, 7 N.W.3d 723, 727 (Iowa 2024) (cleaned up). A "defendant claiming ineffective assistance of counsel with respect to a guilty plea must prove that, but for counsel's breach, there is a reasonable probability he or she would have insisted on going to trial." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Huffer's ineffective-assistance claim focuses on his trial counsel's alleged failure to investigate.[4] He contends that he informed his trial counsel about "text messages on his cell phone that would have contradicted [the victim's] claim that Huffer had been threatening her repeatedly." He claims that he "also wanted to obtain evidence regarding a flogger that [the victim] regularly used to assault him, which would refute her claims that he was the aggressor in the relationship." He further claims that his trial counsel "did not obtain critical information regarding his mental health, including his medications and his thyroid disorder." And he alleges that his trial counsel "neglected to obtain [the victim's] records, which would indicate that she was taking testosterone supplements that caused her ... to become aggressive and angry."

The district court concluded that Huffer failed to show that his trial counsel breached any essential duty based on these allegations. But even assuming that conclusion was in error, this case can be decided on the prejudice element alone. *See Ledezma*, 626 N.W.2d at 142. Huffer testified that "[i]f all things would have been investigated, [he] probably would have gone to trial" instead of pleading guilty. But to show prejudice, "a claimant must proffer more than his or her own subjective, self-serving testimony." *Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015); *see also State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (holding that a "conclusory claim of prejudice, that [the defendant] was ready to insist on going to trial, is not a sufficient assertion of prejudice" (cleaned up)).

---

[4] Huffer also alleged ineffective assistance of appellate counsel in his amended PCR application. But the district court found that he failed to establish that claim. And Huffer does not challenge that finding on appeal.

Huffer contends that "this was a close case," and if his trial counsel had properly investigated, he "would have been able to question [the victim's] credibility, which was the only evidence against him." But the victim testified at her deposition—conducted by Huffer's trial counsel before he pleaded guilty—that Huffer threatened to kill her. And in his written guilty plea, Huffer admitted that he "had personal contact with" the victim, that he "did so with the intent to alarm" her, and that he "threatened to commit the forcible felony of murder." That is all the State would need to prove to convict Huffer of first-degree harassment. *See* Iowa Code § 708.7(1)(b), (2)(a)(1). What's more, Huffer does not argue there is a reasonable probability that he would have rejected the State's plea offer—which included recommending a deferred judgment and dismissing the domestic-abuse charge—had his counsel conducted further investigation.

Thus, we find that Huffer has not adequately argued or established constitutional prejudice. *See Smith*, 7 N.W.3d at 726–27 ("It is not enough for the defendant to show that the errors had only some effect on the outcome of the proceeding." (cleaned up)); *Tate*, 710 N.W.2d at 240 (defining prejudice in the guilty-plea context). So Huffer's ineffective-assistance claim must fail.

**AFFIRMED.**